UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD W. ROSE,

    Plaintiff,

v.                                           Case No. 2:21-cv-338-JLB-MRM

JIM ZINGALE, Executive Director of the
Florida Department of Revenue, and
UNKNOWN, Executive Director of the
Florida Department of Financial Services,

    Defendants.

## ORDER

Defendants Jim Zingale, Executive Director of the Florida Department of Revenue, and the Florida Department of Financial Services move to dismiss Plaintiff Ronald W. Rose's pro se complaint under the Rooker–Feldman doctrine[1] or, alternatively, for a more definite statement under Federal Rule of Civil Procedure 12(e).  (Doc. 23.)  At this point, the Court is unable to discern whether Mr. Rose's claims are indeed barred by the Rooker-Feldman doctrine because his complaint is a shotgun pleading.  Accordingly, the Court **GRANTS** Defendants' motion for a more definite statement.

### LEGAL STANDARD

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party

---

[1] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 463 (1983).

cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  "Motions for a more definite statement are not favored in the federal court system." Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993) (citation omitted).  "Such a motion should be granted only when the pleading to which the motion is directed is so vague or ambiguous that the party cannot reasonably be expected to respond." Scarfato v. Nat'l Cash Reg. Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993).  In practice, motions for a more definite statement are "confined to such narrow circumstances as 'shotgun pleadings' or unintelligible pleadings, not pleadings that are merely less detailed than a defendant might like." Austin v. Auto Owners Ins. Co., No. CIV.A. 12-0345-WS-B, 2012 WL 3101693, at *5 (S.D. Ala. July 30, 2012) (collecting cases).

## DISCUSSION

After carefully reviewing Mr. Rose's complaint, the Court cannot say with certainty what his causes of action are or what transpired in this case.  It appears Mr. Rose is a resident of Ontario, Canada who is obligated to pay child support to someone in Florida.  (Doc. 7 at 5.)  Based on his purported failure to make these payments, Defendants have allegedly issued multiple orders across several years that suspended Mr. Rose's driver's license and garnished his income.  (Id. at 2–6.)  None of these orders are attached to the pleadings, and the parties do not provide any case numbers or other helpful information regarding Mr. Rose's child support obligations in Florida.  Mr. Rose also cites proceedings in Ontario courts and administrative orders from the Ontario Family Responsibility Office, none of which have been provided to the Court or described in much detail.  (Id. at 4–5.)  Mr. Rose

2

obviously believes that Defendants' various orders were improper, but it is not entirely clear why. His complaint cites three separate clauses of the Fourteenth Amendment, the Uniform Interstate Family Support Act ("UIFSA," adopted by Florida in Chapter 88, Florida Statutes), 15 U.S.C. § 1673, and 42 U.S.C. § 656. (Id. at 2–5.) In his response to the motion to dismiss, Mr. Rose also cites the right to be free from unreasonable searches and seizures in the Fourth Amendment. (Doc. 27 at 4.) None of these supposed sources of relief are grouped into separate counts.

If the Court had to guess, Mr. Rose seems to be arguing that Defendants: (1) have garnished his wages and suspended his driver's license without due process of law, and (2) are attempting to "fraudulently" alter a child support obligation originally imposed by Ontario courts, which they have no jurisdiction to do. Yet the Court cannot determine what process Mr. Rose believes he was due or whether Defendants are indeed attempting to "fraudulently" alter a Canadian child support order. Mr. Rose's complaint repeatedly alludes to procedural events that happened in Florida courts years ago without adequately describing what they were, what court they occurred in, or (in some instances) when they took place. (Doc. 7 at 2–5.)

The legal basis for the relief Mr. Rose requests is just as opaque. He asks the Court to impose a daily fine of $225.00 on Defendants for each day that Mr. Rose is forced to "spen[d] in Court." (Doc. 7 at 6.) He also asks the Court to remove Defendants as the "Oversight Agency for arrearage payments" and further asks that "the responsibility for such enforcement be returned to Ontario without option for Defendant[s] to ever regain any enforcement responsibility for the arrearage

3

case." (Id.) The Court is unaware of any legal authority that would allow it to take such drastic measures—Mr. Rose has not cited any.

Finally, there is the fundamental problem of not knowing which Defendant Mr. Rose believes to be responsible for the actions he alleges in his complaint. In his operative pleading, Mr. Rose names two defendants: the executive directors of the Florida Department of Revenue and the Florida Department of Financial Services. But throughout his complaint, Mr. Rose repeated refers to a singular "Defendant." The Court cannot discern which administrative agency is responsible for the supposed problems with Mr. Rose's child support payments.

Given the deficiencies with Mr. Rose's complaint, the Court holds that it is shotgun pleading. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (noting that shotgun pleadings include complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," do not "separate[e] into a different count each cause of action or claim for relief," or "assert[ ] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against). Defendants cannot reasonably be expected to respond to a shotgun pleading.

Accordingly, it is **ORDERED**:

1. Defendants' motion to dismiss or for a more definite statement (Doc. 23) is **GRANTED IN PART**.

4

2. **No later than December 14, 2021,** Mr. Rose is **DIRECTED** to file an amended complaint that addresses the problems discussed in this Order. If he fails to timely amend the complaint or adequately resolve the problems identified in this Order, the case will be dismissed.

**ORDERED** in Fort Myers, Florida, on November 30, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE