UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD ROSE,

    Plaintiff,

v.                                                Case No: 2:21-cv-338-JLB-MRM

JIM ZINGALE, Executive Director of
the Florida Department of Revenue,
and UNKNOWN, Executive Director
of the Florida Department of Financial
Services,

    Defendants.
_____/

## ORDER

Defendants Jim Zingale, Florida Department of Revenue, and the Florida Department of Financial Services move to dismiss Plaintiff Ronald Rose's second amended complaint, (Doc. 45).  (Doc. 46.)  Mr. Rose has responded in opposition. (Doc. 54.)  Upon careful review, the motion is due to be granted, and this action is **DISMISSED without prejudice**.

## BACKGROUND

Mr. Rose initiated this action by filing a "complaint for violation of civil rights" against Mr. Zingale as Executive Director of the Florida Department of Revenue.  (Doc. 1.)  Mr. Rose then filed a "motion to add a co-defendant," which the Magistrate Judge construed and granted as a motion for leave to amend the complaint.  (Docs. 5, 6.)  Mr. Rose filed an amended complaint naming both Mr. Zingale and an "unknown" executive director of the Florida Department of

Financial Services. (Doc. 7.) Essentially, Mr. Rose complains about the garnishment of his wages and other conduct of the Florida Department of Revenue following an Ontario court's orders for family support payments. (Docs. 1, 7, 45.)

On Defendants' motion to dismiss or for a more definite statement, the Court deemed the amended complaint a shotgun pleading and directed Mr. Rose to file "an amended complaint that addresses the problems discussed in this Order." (Doc. 42 at 5.) Among other deficiencies in the amended complaint, Mr. Rose failed to provide clear factual allegations supporting his claims, and the Court was therefore unable to "say with certainty what his causes of action are or what transpired in this case." (Id. at 2.) Further, although he cited three separate clauses of the Fourteenth Amendment, the Uniform Interstate Family Support Act ("UIFSA"), 15 U.S.C. § 1673, and 42 U.S.C. § 656, he did not separate his claims into different counts. (Id. at 3; Doc. 7 at 2–5.) Next, the Court observed that the legal basis for the "drastic" relief Mr. Rose requested was unclear. (Doc. 42 at 4.) Finally, the amended complaint failed to specify which claims and allegations corresponded to which of the two named defendants. (Id.) Mr. Rose was cautioned that if he failed to "adequately resolve the problems identified in this Order, the case will be dismissed." (Id. at 5.)

Mr. Rose's second amended complaint, the operative pleading in this case, suffers many of the same deficiencies and is undoubtably another shotgun pleading. (Doc. 45.) As a result, Defendants have filed a motion to dismiss the action for various reasons, including noncompliance with Federal Rule of Civil Procedure 8.

(Doc. 46 at 5–6.)  They contend that, like Mr. Rose's amended complaint, the second amended complaint contains only "mere conclusory statements with no factual support, and it is still unclear what Plaintiff is alleging," that Mr. Rose has failed to show "how Zingale and Defendants harmed him or how Defendants allegedly violated his civil rights under the Fourteenth Amendment," and that "Defendants are unable to adequately respond and mount a defense to the allegations."  (Id. at 6.)  Mr. Rose responded in opposition.  (Doc. 54.)

## DISCUSSION

Upon review of Mr. Rose's second amended complaint, Mr. Rose has failed to adequately resolve the problems previously identified, and the operative pleading does not notify Defendants of the claims against them or the grounds on which those claims rest.

Federal Rules of Civil Procedure 8 and 10 establish the minimum pleading requirements.  Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" with allegations that are "simple, concise, and direct."  Fed. R. Civ. P. 8(a), (d).  And Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Taken together, as explained by the Eleventh Circuit, Rules 8 and 10

> require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be

3

> granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).[1]

Shotgun pleadings violate the pleading rules by failing to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has identified four varieties of shotgun pleadings: (1) a pleading in which multiple counts each adopt the allegations of all preceding counts; (2) a pleading that uses conclusory, vague, and immaterial facts unconnected to a particular cause of action; (3) a pleading that fails to separate each cause of action or claim for relief into distinct counts; and (4) a pleading that combines multiple claims against multiple defendants without specifying which defendant is responsible for which act, or which defendant a claim is brought against. See id. at 1321–23.

Upon review, there are several deficiencies with the second amended complaint, which ultimately fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. First, Mr. Rose presents all his claims and factual allegations in a six-page "amended complaint for violations of civil rights," which includes factual allegations and legal conclusions. (Doc. 45.) The complaint does not "state [Mr. Rose's] claims . . . in

---

[1] Courts hold the pleadings of pro se litigants to a less stringent standard than pleadings drafted by attorneys. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). But courts do not have a duty to "rewrite" a pro se litigant's complaint to find a claim. See Washington v. Dep't of Children & Families, 256 F. App'x 326, 327 (11th Cir. 2007) (per curiam).

numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). As with the amended complaint, it does not separate each cause of action or claim for relief into distinct counts. See Weiland, 792 F.3d at 1323.

Indeed, Mr. Rose continues to generally rely on several sources of authority, and it is unclear whether he seeks to raise separate causes of action based on the various violations he alleges. For example, Mr. Rose first alleges that Mr. Zingale violated his "Civil Rights under the 14th Amendment, specifically the section that states 'No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; no [sic] shall any State deprive any person of life, liberty, or property, without due process of law; no [sic] deny [to] any person within its jurisdiction the equal protection of the laws.'" (Doc. 45 at 2.)[2] Only later in the complaint does he somewhat specify that he is raising a claim based on Mr. Zingale "garnish[ing] payments . . . , more than the Court ordered, without due process of law." (Id.) He then asserts that this constitutes a violation of sections 207 and 209 of UIFSA and section 88.2071, Florida Statutes. (Id. at 2–3.)

---

[2] In a prior order, the Court noted that Mr. Rose had failed to specify which defendant was responsible for which alleged act or liable for which claim. (Doc. 42 at 4.) Although Mr. Rose attempts to clarify that "[f]or the purpose of this complaint any reference to a Defendant will refer solely to [Mr. Zingale]," he confusingly does not appear to raise any claims against the Department of Financial Services. (Doc. 45 at 2.) Instead, he asserts that the Department of Financial Services "is named only to comply with Florida Statute 768.28." (Id. at 1; see also Doc. 54 at 2–3.) In all events, even if Mr. Rose has adequately resolved this issue with his complaint, there are several other deficiencies warranting dismissal.

Further obscuring the true nature of the due process claim, in the "relief sought" portion of the operative complaint Mr. Rose alleges, without elaboration and for the first time, that Mr. Zingale's "creating procedures in their Program Manual . . . arbitrarily deny the Constitutional right of Due Process." (Id. at 5.) This legal conclusion is unsupported by factual allegations, and it is unclear whether the assertion is part of Mr. Rose's purported due process claim. Likewise, in his response to Defendants' motion to dismiss, Mr. Rose frames his due process claim as premised on Mr. Zingale "block[ing] [his] access to appropriate Courts, forcing [him] into this Federal Court." (Doc. 54 at 6.) He further insists that his claim is not based on a constitutional violation by Mr. Zingale "obtaining orders to garnish his tax return and suspend his driver's license," but instead "is based on [Mr. Zingale] violating the Plaintiff[']s Constitutional Rights in how, or even if, they are legally able, to enforce outstanding Court orders." (Id. at 5.)

In his response, Mr. Rose also purports to raise a claim based on Mr. Zingale denying him "equal protection of the laws." (Id. at 3.) Specifically, Mr. Rose reasons that Mr. Zingale had Mr. Rose's state court case "vacated," while "other citizens of Florida, who find themselves in a similar position, do get to plead in front of the Circuit Court" and "get due process prior to having their property and/or rights taken away from them." (Id.) No equal protection claim, however, is expressly raised in the second amended complaint, the operative pleading here.

Next, Mr. Rose alleges that Mr. Zingale "acted on only two events": (1) having the "Child Support case, in Florida, vacated in November 2016, despite the case still

6

being active"; and (2) "accept[ing] the paperwork to have the Ontario Court rule on [his] request for a reduction in the monthly arrears[] payment" and "never forward[ing] the request to Ontario." (Doc. 45 at 3.) He claims that these actions constitute "'[e]thical miscarriages' which conflict with the Florida Constitution, Article II, Section 8" and that "Section 8 Section 2 is also applicable." (Id.) He includes the text of the relevant provisions, along with Illinois caselaw pertaining to an Illinois criminal statute. (Id. at 3–4.) Mr. Rose's purpose in citing this authority is unclear. And elsewhere in his filings, Mr. Rose alleges that Mr. Zingale has violated unidentified "federal and state laws." (See, e.g., Doc. 45 at 5; Doc. 54 at 2.)

In short, Mr. Rose appears to bring several causes of action, but he does not separate each cause of action or claim for relief into distinct counts. See Weiland, 792 F.3d at 1323. Though the Court previously notified Mr. Rose of this deficiency, it has not been corrected. (Doc. 42 at 3–4.) And to the extent Mr. Rose may claim that he only seeks to raise a due process claim, his pleading is replete with conclusory, vague, and immaterial facts unconnected to that cause of action. See Weiland, 792 F.3d at 1322. Moreover, as outlined above, the true nature of his due process claim is unclear, and Defendants are again unable to "discern what he is claiming and frame a responsive pleading," and this Court cannot "determine which facts support which claims." Fikes, 79 F.3d at 1082. Dismissal is therefore warranted. See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018).

Defendants request dismissal with prejudice. (Doc. 46 at 6.) Although the Court acknowledges the procedural history of this case, which has provided multiple

7

opportunities for Mr. Rose to cure the deficiencies in his pleadings, the Court nevertheless finds that dismissing this action without prejudice is the appropriate remedy. Accordingly, in light of this Court's prior warnings, Mr. Rose will be required to initiate a new case, <u>with a new case number</u>, should he decide to pursue his claims.[3]

## CONCLUSION

For these reasons, it is **ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 46) is **GRANTED**.

2. This action is **DISMISSED without prejudice**.

3. The Clerk of Court is **DIRECTED** to **CLOSE** the file, terminate any pending motions and deadlines, and enter judgment accordingly. Should Plaintiff intend to pursue his claims, he must do so by initiating a new case.

**ORDERED** in Fort Myers, Florida this 10th day of May, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[3] Because the complaint is due to be dismissed as a shotgun pleading, it is unnecessary to address Defendants' alternative arguments for dismissal under the Rooker-Feldman doctrine or for lack of standing. (Doc. 46 at 3–6.) Mr. Rose should take these arguments into account should he decide to initiate a new case.